UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLO MARIE LUTZ,

    Plaintiff,

v.                        Case No.:  2:22-cv-432-JLB-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

Before the Court is an Unopposed Petition for EAJA Fees. (Doc. 33.) The Commissioner does not object to the relief sought. (Doc. 33 at 9.) For the reasons below, the petition should be granted.

Earlier in this case, the Court entered an order (Doc. 23) reversing and remanding to the Commissioner for further administrative review. Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff moves for an award of $7,499.95 in attorney's fees and $402 in costs. (Doc. 24 at 1.)

**A. Attorney's Fees**

For Plaintiff to receive a fee award under EAJA, these five conditions must be met: (1) he must file a timely application for attorney's fees; (2) his net worth must have been less than $2 million dollars when the complaint was

filed; (3) he must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds that these conditions have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first ascertains the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to

rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff represents that 38.9 hours were expended to litigate this matter, but the parties settled and agreed that an award for 32.4 hours of work is reasonable. (Doc. 33 at 9.) Plaintiff requests an hourly rate of $231.48 (Doc. 33 at 10.) The rate and the number of hours expended appear reasonable considering the parties' settlement. Thus, it is recommended that the Court award $7,499.95 in attorney's fees.

**B. Costs**

Plaintiff seeks $402 in costs, which represents the filing fee. The Commissioner does not oppose awarding these costs and expenses. Under 28 U.S.C. § 2412, and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. Therefore, the Court should also award the $402 sought.

**C. EAJA Assignment**

Plaintiff filed a Social Security Retainer and Fee Agreement, which is signed. (Doc. 33-2.) It provides: "I hereby assign any court-awarded EAJA attorney fees and costs to my representative and/or the firm. Any EAJA payment should be paid directly to the law firm's office. The firm is fully empowered to deposit any EAJA checks directly into the firm's account and the firm is authorized to endorse by name on the checks paying them." (Doc. 33-2

3

at 2.) But Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. (Doc. 33 at 4.) The Commissioner agrees with this. Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

### D. Recommendation

Plaintiff's Unopposed Petition for EAJA Fees (Doc. 33) should be **GRANTED**. Fees of $7,499.95 and costs of $402 should be awarded to Plaintiff, and this award be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

**Recommended** in Fort Myers, Florida on October 10, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

4

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.